UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| FARRELL HAYCRAFT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00312-JRS-MJD |
| | ) | |
| WARDEN Wabash Valley Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus for Lack of Jurisdiction and Denying Pending Motions**

Petitioner Farrell Haycraft is an Indiana prisoner currently incarcerated at Wabash Valley Correctional Facility. For the reasons explained in this Order, the Court **dismisses** Mr. Haycraft's petition for a writ of habeas corpus for lack of jurisdiction and **denies** his motion to proceed on appeal *in forma pauperis*, his motion for a certificate of appealability, and his motion for counsel.

## I.      Dismissal of Petition

Mr. Haycraft's petition for writ of habeas corpus challenges his state court conviction in case number 31D01-0008-CF-685. Mr. Haycraft previously challenged this conviction in case number 2:12-cv-00079-WTL-WGH. That petition was denied on November 12, 2013. *See Haycraft v. Superintendent Wabash Valley*, 2:12-cv-00079-WTL-WGH, dkt. 28.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). "Section 2244(b)(3)(A) is an allocation of subject-matter jurisdiction to the court of appeals. A district court

*must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing." *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (internal quotation omitted) (emphasis in original).

Mr. Haycraft was ordered to show cause why his petition should not be dismissed as successive, dkt. [6], and he failed to do so. There is no indication that Mr. Haycraft has requested or received permission from the Seventh Circuit Court of Appeals to pursue this successive petition. Accordingly, this Court lacks jurisdiction over his petition for a writ of habeas corpus, and it is **dismissed for lack of jurisdiction**. Judgment consistent with this Order shall now issue.

## II.     Motion to Proceed on Appeal *In Forma Pauperis* and Motion for Certificate of Appealability

Mr. Haycraft filed a motion to proceed on appeal *in forma pauperis* and a motion for certificate of appealability on August 7, 2020, before the Court dismissed his case. Dkts. 11, 12. Mr. Haycraft's motion to proceed on appeal *in forma pauperis*, dkt. [11], and motion for certificate of appealability, dkt. [12] are **denied**. "A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." The Court finds that jurists of reason would not disagree with the Court's conclusion that it lacks jurisdiction over Mr. Haycraft's habeas petition and accordingly his motion for certificate of appealability, dkt. [12] is **denied**.

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915. "[T]o sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Because no objectively reasonable jurist could find that the Court has jurisdiction over his habeas petition, Mr. Haycraft's motion for leave to proceed *in forma pauperis* on appeal, dkt. [11] is **denied**.

### III.    Motion for Counsel

Mr. Haycraft moved for the appointment of counsel. Dkt. 3. The Court may appoint counsel for a § 2254 petition when it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (applying the "interests of justice" standard); *cf. Martel v. Clair*, 565 U.S. 648, 663 (2012) (same, noting that the standard "contemplates a peculiarly context-specific inquiry"). A decision evidences an abuse of discretion in declining to appoint counsel only "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281.

Mr. Haycraft alleges that the Innocence Project rejected his case and he lacks understanding of Indiana law. But he has not shown a reasonable chance of winning, even with an attorney, because the Court lacks jurisdiction over his petition. Mr. Haycraft's motion for the appointment of counsel, dkt. [3] is therefore **denied**.

## IV.    Conclusion

Mr. Haycraft's petition for habeas corpus is **dismissed** for lack of jurisdiction and his motion for the appointment of counsel, dkt. [3], motion to proceed on appeal *in forma pauperis*, dkt. [11], and motion for certificate of appealability, dkt. [12], are **denied**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:    8/17/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution:

FARRELL HAYCRAFT
105690
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838